# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| Kishana Mighty,<br><br>    Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company, and<br>WebBank Corporation,<br>a foreign corporation,<br><br>    Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, KISHANA MIGHTY, BY AND THROUGH COUNSEL, MATTHEW LANDREAU, ESQ., and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Mobile, Mobile County, Alabama.

4. Venue is proper in the Southern District of Alabama, Mobile Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Mobile, Mobile County, Alabama.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Alabama; and

    b. WebBank Corporation ("WebBank") is a foreign corporation that conducts business in the State of Alabama.

## GENERAL ALLEGATIONS

7. WebBank is inaccurately reporting its tradeline ("Errant Tradeline") on Plaintiff's Equifax credit disclosure with an erroneous monthly payment amount of $20.00.

8. The account reflected by the Errant Tradeline was charged off and closed. Plaintiff no longer has an obligation to make monthly payments to WebBank.

9. The Errant Tradeline should be reported by WebBank with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

10. On May 14, 2019, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with erroneous monthly payment amount.

11. On or about June 27, 2019, Plaintiff submitted letter to Equifax disputing the Errant Tradeline.

12. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was charged off and closed. Plaintiff no longer has an obligation to make monthly payments the WebBank. Accordingly, Plaintiff asked Equifax to report the Errant Tradeline with the monthly payment amount of $0.00.

13. Equifax forwarded Plaintiff's consumer dispute to WebBank.

14. WebBank received Plaintiff's consumer dispute from Equifax.

15. WebBank did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

16. Plaintiff had not received Equifax's investigation results. Therefore, on August 23, 2019, Plaintiff obtained her Equifax credit disclosure, which

showed that Equifax and WebBank failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, WebBank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

20. WebBank negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

21. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

22. As a direct and proximate cause of WebBank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. WebBank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Plaintiff has a private right of action to assert claims against WebBank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant WebBank for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, WebBank willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

27. WebBank willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of WebBank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. WebBank is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant WebBank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

34. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 24, 2020

By: */s/ Matthew Landreau*
Matthew Landreau
Bar No. 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Kishana Mighty*